**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHARLIE D. JACKSON,

   Plaintiff

v.

GARRETT, et. al.,

   Defendants

Case No.: 3:20-cv-00511-MMD-WGC

**Order**

Re: ECF No. 13

Before the court is Plaintiff's Emergency Request for Ruling on Motion for Preliminary Injunction. (ECF No. 13.)

On December 29, 2020, the court issued its screening order in this case allowing Plaintiff to proceed with his Eighth Amendment deliberate indifference to serious mental health needs claim against defendants Carol and Azzam based on allegations that he suffers from depression which is exacerbated in isolation, as well as suicidal ideations, and he is not receiving adequate mental health treatment at Lovelock Correctional Center (LCC). He was also allowed to proceed with a retaliation claim against Doe prison officials (when he learns their identities) based on allegations that they have prevented his transfer to Northern Nevada Correctional Center (NNCC) because he has filed lawsuits against them. (ECF No. 11.) The court stayed the action for 90-days to allow the parties to participate in the court's inmate early mediation conference (EMC) program, and directed the Attorney General's Office to advise the court within 21-days whether it would enter a limited notice of appearance on behalf of Defendants for purposes of settlement. (*Id*. at 10.)

Before the screening order was entered, Plaintiff filed a motion for preliminary injunction seeking an order transferring him to NNCC for mental health care. He contends that the transfer had been approved, but is being delayed due to Covid-19, and he is not receiving adequate mental health care at LCC. (ECF No. 10.) The screening order deferred a decision on the motion for preliminary injunction to give the parties a chance to reach a resolution at the EMC. (ECF No. 11 at 9.)

The Attorney General's Office has not yet entered a limited notice of appearance, and so the case has not yet been set for an EMC. In the interim, Plaintiff filed this emergency motion requesting a ruling on his motion for preliminary injunction, asserting that he is suffering in psychological distress and is experiencing suicidal ideation while his transfer to NNCC is being delayed. The motion seeks an immediate hearing on the motion for preliminary injunction. (ECF No. 13.)

Insofar as Plaintiff requests an expedited hearing on his motion for preliminary injunction, his motion (ECF No. 13) is **GRANTED**. The Clerk of Court shall electronically **SERVE** a copy of this Order on the Office of the Attorney General of the State of Nevada. This does not indicate acceptance of service. The Attorney General's Office shall advise the court by **5:00 p.m. on Wednesday January 13, 2021**, whether it will enter a limited notice of appearance on behalf of Defendants for the purpose of responding to Plaintiff's motion for preliminary injunction (ECF No. 10). No defenses or objections, including lack of service, will be waived as a result of the filing of the limited notice of appearance.

Assuming a limited notice of appearance is entered, the court will schedule an expedited telephonic hearing on Plaintiff's motion for preliminary injunction. The Attorney General's Office shall be prepared to discuss (and have an appropriate and knowledgeable client

representative present) at the hearing whether Plaintiff is receiving mental health care at LCC, and if so the extent of such care, as well as the status of his transfer to NNCC. The court may also order the Attorney General's Office to file under seal Plaintiff's *relevant* mental health records in advance of the hearing.

**IT IS SO ORDERED**.

Dated: January 8, 2021

                                          William G. Cobb
                                          United States Magistrate Judge